UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUSAN FREESE,**

    **Plaintiff,**

v.                                                     Case No.: 8:15-cv-1315-T-27AAS

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) (Doc. 30).[1] Plaintiff is an award of requesting $7,497.02 in attorney's fees and $12.00 for paralegal time for a total of $7,509.02, pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. §2412(d). The Plaintiff proceeded *in forma pauperis* (Doc. 6), and therefore did not incur any costs.

**I.   BACKGROUND**

On June 1, 2015, Plaintiff filed a Complaint (Doc. 1) in the above-styled action. On August 31, 2015, the Commissioner filed an Answer (Doc. 12) and the Social Security Transcript (Doc. 14). On December 1, 2015, Plaintiff filed a Memorandum in Opposition to the Commissioner's Decision (Doc. 19). On March 1, 2016, the Commissioner filed a Memorandum in Support if the Decision (Doc. 23).

On August 5, 2016, the undersigned entered a Report and Recommendation recommending

---

[1] This matter was referred to the undersigned for consideration and a Report and Recommendation. *See* Local Rule 6.01(a), M.D. Fla.  (Doc. 31).

1

that this case be reversed and remanded. (Doc. 27). On August 24, 2016, the Honorable James D. Whittemore, United States District Judge, entered an Order adopting the Report and Recommendation reversing and remanding this action, entering judgment, and closing the case. (Doc. 28).

On September 19, 2016, Plaintiff filed the instant Petition for EAJA Fees (Doc. 30). The Commissioner has not filed a response to Plaintiff's Petition and the time for doing so has expired. For the reasons stated below, the undersigned recommends Plaintiff be awarded a total of $7,509 in attorney's fees.

## II.  ANALYSIS

A fee application must be filed within thirty days of the final judgment, and this requirement is jurisdictional in nature. *See* 23 U.S.C. §2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety days from the date of the entry of final judgment to file an application for EAJA fees. *Id.; Myers,* 916 F.2d at 672. Here, Plaintiff timely filed the Petition for EAJA Fees. (Doc. 30).

For the Plaintiff to receive an award of fees under the EAJA, 28 U.S.C. §2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158 (1990). Here, the all conditions of EAJA have

been met.

EAJA permits an award of "reasonable attorney fees." 28 U.S.C. §2412(d)(2)(A). EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque,* 505 U.S. 557, 562 (1992). The amount of EAJA fees is wholly dependent on the facts of the case. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). "'[E]xcessive, redundant or otherwise unnecessary' hours" must be deducted from an award of fees. *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley,* 461 U.S. at 434)).

Plaintiff's counsel expended 39.2 hours to prepare this case. Attorney Carol Avard spent 29 hours in preparation of this case, and attorney Mark Zakhvatayev spent 7.9 hours in preparation of this case and 2.3 hours in preparation of the fee petition. (Doc. 30, pp. 11-13). The Court finds that 39.2 hours expended by Plaintiff's counsel is reasonable for reviewing the transcript (Doc. 14), which was over 800 pages in length, and preparing the brief, which was approximately 34 pages in length (Doc. 19). While the Court acknowledges that the hours expended may be higher than some other attorneys expend on these tasks, the Court does not find that the hours expended were unreasonable, excessive, redundant or otherwise unnecessary. *See Gates v. Barnhart,* 325 F. Supp.2d 1342, 1349 (M.D. Fla. 2002).

In addition, Plaintiff is claiming that a paralegal expended .20 hours at a rate of $60.00 per hour and requests $12.00 in paralegal fees. (Doc. 30, p. 13). This time was expended preparing the Fee Affidavit. (*Id.*). The undersigned finds that this time is recoverable and should be included in the total fee award.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan,* 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting the hourly rate of $191.25 for the years 2015 and 2016. The undersigned finds this hourly rate is appropriate.

Accordingly, Plaintiff is entitled to an award of $7,509.00 for attorney fees and paralegal fees (39.2 x $191.25 = $7,497.00 + $12.00 = $7,509.00).[2] Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court (Doc. 30-1). The Attorney Fee Contract is signed by Plaintiff and Ms. Avard and includes that following language, "I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (*Id.*). Therefore, the Court will recommend that any award of fees be paid directly to the Plaintiff's counsel.

### III. CONCLUSION

Accordingly, after due consideration, it is respectfully **RECOMMENDED** that:

The Petition for EAJA Fees Pursuant to 28 U.S.C. §2312(d) (Doc. 30) be **GRANTED**, and attorney fees in the amount of $7,509.00 be awarded to Plaintiff and paid directly to counsel if the

---

[2] Plaintiff requests fees in the amount of $7,509.02 (Doc. 30), which appears to the undersigned simply to be a minor miscalculation.

United States Department of Treasury determines that no federal debt is owed.

**Date: October 20, 2016.**

    _Amanda Arnold Sansone_
    AMANDA ARNOLD SANSONE
    United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record
District Judge