UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN FREESE,

    Plaintiff,

v.                                                     Case No: 8:15-cv-1315-T-27AAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Petition for EAJA Fees (Dkt. 30), the Report and Recommendation submitted by the Magistrate Judge recommending that the Petition be granted (Dkt. 32), Defendant's objection to the Report and Recommendation (Dkt. 33), and Plaintiff's response to the objection (Dkt. 34). Upon consideration, the Report and Recommendation is **ADOPTED** as the opinion of the Court, the Petition is **GRANTED**, and Defendant's objection is **OVERRULED**.

In this case, the Court reversed and remanded the Commissioner's decision and entered judgment in favor of the Plaintiff and against the Commissioner. (Dkts. 28, 29). As the prevailing party, Plaintiff petitioned for attorney's fees of $7,509.02 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.*, which requires the award of attorney's fees to a party prevailing in litigation against the United States, unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A).[1] The Commissioner did not respond to the petition. The Magistrate Judge submitted

---

[1] The petition was referred to the Magistrate Judge for a report and recommendation. (Dkt. 31).

a Report and Recommendation recommending that the petition be granted in the amount of $7,509.00.[2] The Commissioner then objected, arguing that the fees "should be reduced to account for the fact that approximately 43 percent of the argument portion of Plaintiff's memorandum was spent on arguments that did not succeed." (Dkt. 33 p. 6).[3] Plaintiff responded to the objection, contending that the issues were intertwined and that the fees should be awarded in full. (Dkt. 34).[4]

The Eleventh Circuit has held that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). District courts strongly disfavor considering arguments not presented to the magistrate judge because "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* at 1291–92 (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)). Indeed, at least one circuit has held that "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Id.* at 1292 (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

Accordingly, the Court exercises its discretion to decline to consider the Commissioner's

---

[2] The Magistrate Judge noted that Plaintiff slightly miscalculated the amount of fees. (*See* Dkt. 32 n. 2).

[3] The Commissioner did not dispute that Plaintiff was the prevailing party and that Plaintiff was entitled to fees pursuant to the EAJA on the claims she prevailed on. Nor did the Commissioner challenge the hourly rate billed by Plaintiff's counsel.

[4] Plaintiff also requested an additional $401.63 in fees based on the time spent responding to the objection. (Dkt. 34). The Court declines to award fees which were not properly presented in a petition for fees.

argument, which was not presented to the magistrate judge.[5]

It is **ORDERED**:

1) The Report and Recommendation (Dkt. 32) is adopted, confirmed, and approved in all respects, and is made a part of this order for all purposes.

2) Defendant's Objection (Dkt. 33) is **OVERRULED**.

3) Plaintiff's Petition for EAJA Fees (Dkt. 30) is **GRANTED**.

4) Plaintiff is awarded attorney's fees in the amount of $7,509.00 to be paid directly to counsel if the United States determines that no federal debt is owed.

**DONE AND ORDERED** this 16th day of November, 2016.

/s/ Whittemore
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[5] Even if the argument were considered, the outcome would not change. "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of . . . certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). There is no dispute here that the ultimate result was favorable to Plaintiff.
    The Commissioner's citation of *Molina v. Comm'r of Soc. Sec.*, 750 F. Supp. 2d 1341 (M.D. Fla. 2010) is unpersuasive because in that case, the plaintiff did not "prevail on any claim raised in [the district court]." *Id.* at 1346. By contrast, the Commissioner acknowledges that Plaintiff prevailed on one of the three arguments that she made in this case, and that remand was ordered for further factual development regarding one of the other arguments made by Plaintiff.